## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | No.  4:12 CR 493 RWS |
| | ) | |
| JESSE JAMES HART, Jr. | ) | |
| | ) | |
|     Defendant. | ) | |

### UNITED STATES OF AMERICA'S MOTION *IN LIMINE* FOR ADMISSION OF OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

COMES NOW the United States of America, and moves this Court *in limine* to admit at trial evidence of other crimes, wrongs, or acts of defendant Jesse James Hart, Jr., pursuant to Federal Rule of Evidence 404(b).  In support of its motion, the United States of America states as follows:

### I.  INTRODUCTION

The United States has given notice to Defendant, by letter dated April 26, 2013, and copied to the Court, that it intends to offer evidence at trial regarding prior crimes, wrongs, or acts of Defendant.  In this notice, the United States outlined the Rule 404(b) evidence that it intends to introduce at trial.  Specifically, if permitted by the Court, the United States will present evidence regarding:

(1)    Defendant's convictions in the St. Louis City Circuit Court, Cause No. 901-1506, for two counts of Attempt Robbery First Degree, occurring on May 17, 1990.[1]

---

[1]In addition to the aforementioned convictions, Defendant also has been convicted of numerous offenses including burglaries, stealings, forgeries, and other theft-related crimes.  The United States will not seek to introduce this evidence in its case-in-chief pursuant to Federal Rule of Evidence 404(b).  Nevertheless, the United States may seek to introduce evidence of these convictions and arrests and the facts and circumstances surrounding such convictions and arrests under other theories of evidence, if necessary.

## II. <u>FACTS</u>

**A.**     <u>**The Present Case.**</u>

On November 30, 2011, the Federal Grand Jury returned a single-count indictment charging Defendant with being a felon in possession of a firearm on May 17, 2011.  At trial, the United States intends to present the following, among other, evidence:

On March 16, 2011, St. Louis County Police Officer Peterson observed Defendant driving his automobile erratically on Telegraph Road in South County, within the Eastern District of Missouri.  As a result of this erratic driving, Officer Peterson stopped Defendant in the area of Telegraph Road and Golden Valley Road.  Officer Peterson observed Defendant lean to his right while looking over his left shoulder.  Officer Peterson approached Defendant.  Officer Peterson advised Defendant why he was stopped.  Defendant produced a driver's license, but could not produce proof of insurance.  A record check of Defendant showed he had an outstanding warrant for his arrest and that Defendant was on parole for Burglary Second Degree.  Defendant was placed under arrest.  Defendant consented to the search of his automobile.  Defendant advised Police Officer Peterson that a gun was in Defendant's car.  The car was searched and the police seized a gun from the car.  Defendant, after having been advised of his Miranda rights, admitted to law enforcement officers that he was in possession of the firearm.

**B.**     <u>**Defendant's Other Crimes, Wrongs, or Acts.**</u>

**1.**     **Convictions for Attempt Robbery First Degree (2 counts) in 1991.**

If permitted at trial, the United States will present evidence that Defendant pleaded guilty in the Circuit Court for the City of St. Louis, Cause No. 901-1528, to two counts of Attempt

Robbery First Degree.[2] Defendant received a sentence of 13 years on each count. The factual events surrounding these convictions are as follows:

On May 17, 1990, in the City of St. Louis, Defendant, in an attempt to commit robbery, displayed a handgun and demanded K.F.'s purse; and on the same date and time and place, in an attempt to commit robbery, Defendant displayed a handgun and demanded E.G.'s purse.

## III.  ARGUMENT

Defendant's convictions for Attempt Robber First Degree are relevant to and probative of material issues in this case.  They also are supported by sufficient evidence and similar in kind and not overly remote to the instant charges.   Accordingly, Defendant's aforementioned prior convictions should be admitted pursuant to Rule 404(b).

Evidence of other crimes, wrongs, or acts is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005).  "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition."  *United States v. Shoffner*, 71 F.3d 1429, 1431 (8th Cir. 1995); *United States v. Yellow*, 18 F.3d 1438, 1441 (8th Cir. 1994); *see also United States v. Thomas*, 593 F.3d 752, 757 (8th Cir. 2010) (holding "evidence offered for permissible purposes is presumed admissible absent a contrary determination"); *United States v. Foster*, 344 F.3d 799, 801 (8th Cir. 2003) ("Rule 404(b) is a rule

---

[2]Defendant was also charged with and pleaded guilty to a third count - i.e. Attempt Robbery Second Degree.  Defendant received a 13 years sentence of imprisonment on this count, too.  Although the Government provided notice to defense counsel that it would seek to introduce this offense into evidence, the Government has decided that it will not introduce this conviction into evidence pursuant to Rule 404(b).  It reserves the right to introduce this conviction pursuant to any other Rule of Evidence that allows its introduction.

of inclusion; assuming that the other tests for admissibility are satisfied, evidence of a prior crime should be excluded only if its sole relevance goes to the character of the defendant.").

In other words, Rule 404(b) evidence is inadmissible "only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *Foster*, 344 F.3d at 801 (quoting *United States v. Ruiz-Estrada*, 312 F.3d 398,403 (8th Cir. 2002)). It is well established that evidence of other crimes, wrongs, or acts properly is admitted when:

   (1) it is relevant to a material issue;

   (2) it is similar in kind and not overly remote in time to the crime charged;

   (3) it is supported by sufficient evidence; and

   (4) its potential prejudice does not substantially outweigh its probative value.

*See Walker*, 428 F.3d at 1169; *United States v. Vieth*, 397 F.3d 615, 617-18 (8th Cir. 2005); *United States v. Oates*, 173 F.3d 651, 659 (8th Cir. 1999).

## A.  Relevance To Material Issues.

First, evidence regarding Defendant's prior firearm-related convictions is relevant to several material issues set forth in Rule 404(b), including knowledge, opportunity, intent, and absence of accident or mistake, all of which are essential in proving elements of the United States' case. As a result, evidence of these prior convictions is admissible for a purpose other than proving his past bad character and his present conformance therewith.

Indeed, it is well-established that Defendant's prior possession of a firearm, including his familiarity with, knowledge of, and intent to possess (and use) that firearm, is relevant to the material issues of knowledge and intent to possess the firearm with which he is charged now. *See,*

4

*e.g., United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) (holding, where defendant was charged with being a felon in possession of a firearm, that defendant's "prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it"); *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003); *United States v. Harris*, 324 F.3d 602, 607 (8th Cir. 2003) (summarily affirming, in a felon-in-possession case, district court's admission of Rule 404(b) testimony that defendant previously possessed a firearm).

Here, Defendant has pleaded not guilty and denied participation in the charged crime. As a result, the United States is required to shoulder the burden of introducing proof beyond a reasonable doubt of every element of the charged offense. Accordingly, evidence of Defendant's prior possession of and intent to use firearms and resisting arrest is relevant to Defendant's intent, knowledge, and absence of mistake or accident in this case.

**B.    Similarity and Proximity.**

Second, each of Defendant's prior convictions has similarities to the crime for which Defendant now is charged. The convictions also are sufficiently close in time to be admissible under Rule 404(b).

"[P]rior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *Walker,* 470 F.3d at 1275 (citation omitted). As for proximity in time, "[t]here is no absolute rule regarding the number of years that can separate offenses" admitted under Rule 404(b). *United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006); *see also United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996); *United States v. Burkett*, 821 F.2d 1306, 1310 (8th Cir. 1987) ("[T]here is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent."). This is because "[a]lthough proximity in time combined with similarity in

type of crime virtually guarantees admittance of prior bad acts evidence, these are only factors"
useful for evaluating "[t]he ultimate question . . . whether the evidence is admissible to prove any
relevant issue other than the character of the defendant or his propensity toward criminal activity."
*Thomas,* 593 F.3d at 758 (quoting *United States v. Drew*, 894 F.2d 965, 970 (8th Cir.) (citations and
quotations omitted), *cert. denied* 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990)). "Where
the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be
rendered irrelevant only by an enormous lapse of time." *Thomas*, 593 F.3d at 758 (citations and
quotations omitted).

Here, the other acts are sufficiently similar and not overly remote in time to the instant
offense.  In this case, Defendant is charged with possessing a handgun, which was recovered from
the automobile defendant was driving. Each of Defendant's prior convictions for Attempt Robbery
First Degree involved Defendant's possession of and use of a handgun.  With respect to proximity
in time, although approximately 20 years elapsed between Defendant's 1991 conviction for
possession of a handgun during his attempts to commit Robbery First Degree and his 2011 arrest
in the instant case, Defendant was released from prison in 2003 on the Attempt Robbery First
Degree convictions - i.e. approximately 8 years has elapsed between Defendant's release from prison
on the Attempt Robbery First Degree charges and Defendant's arrest on the instant case.  See United
States v. Williams, 308 F.3d, 836-37 (8th Cir. 2002) (upholding admission of prior robbery offense
committed 20 years before the offense on trial).

6

3.     **Sufficiency of the Evidence.**

Third, the circumstances of Defendant's previous convictions will be proven by sufficient evidence. The United States will present a certified record of Defendant's conviction for two counts of Attempt Robbery First Degree. It is well-established in this Circuit that certified court records are sufficient to prove a defendant's prior convictions. *See Ruiz-Estrada*, 312 F.3d at 403-04; *United States v. Bryson*, 110 F.3d 575, 583 (8th Cir. 1997).

4.     **Potential Prejudice Does Not Outweigh Probative Value.**

Finally, the Eighth Circuit and this Court repeatedly have held in cases such as this that the potential prejudice from evidence that a defendant previously possessed firearms does not substantially outweigh the probative value of such evidence. *See, e.g., Cole*, 537 F.3d at, 928 ("We bear in mind that all Rule 404(b) evidence is inherently prejudicial, but the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice.") (citation and internal quotations omitted); *United States v. Cockerham*, 417 F.3d 919, 921 (8th Cir. 2005); *Harris*, 324 F.3d at 607; *United States v. Wesley*, 990 F.2d 360, 366 (8th Cir. 1993); *see also Jernigan*, 341 F.3d at 1282.

To minimize any prejudice, the United States will not belabor evidence of Defendant's prior possession of a firearm; and it will forgo admitting evidence of Defendant's numerous other convictions; and will propose an instruction regarding the limited purposes for which the evidence may be used. This will further ensure that the potential for prejudice of such evidence is not substantially outweighed by its probative value. *United States v. Amendares*, 397 F. 3d 653, 662 (8th Cir. 2005); *see also Cockerham*, 417 F.3d at 921; *United States v. Crenshaw*, 359 F.3d 977, 1004 (8th Cir. 2004).

## IV.  <u>CONCLUSION</u>

For all of the foregoing reasons, the United States respectfully requests that this Court grant

its third motion *in limine*.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

<u>/s/ *Patrick T. Judge*</u>
PATRICK T. JUDGE, # 39676MO
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2013, the foregoing was filed electronically with the Clerk
of the Court to be served by operation of the Court's electronic filing upon all counsel of record.

<u>/s/ *Patrick T. Judge*</u>
Assistant United States Attorney

8